United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40892
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL SALINAS-CAPISTRAN,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-38-1

---

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Israel Salinas-Capistran appeals the 120-month sentence imposed following his guilty-plea conviction for possessing with the intent to distribute more than 1,000 kilograms of marijuana. Salinas argues that the district court erred in calculating the amount of weight attributed to him for sentencing purposes. He contends that, under 21 U.S.C. § 802(16), "fibers" should have been excluded from the weight of the marijuana and that, had they been so excluded, he would not have been subject to the 10-year

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory-minimum sentence under 21 U.S.C. § 841(b)(1)(A). He asserts that the definition of marijuana for purposes of determining drug weight and corresponding sentence under the guidelines differs from the definition of marijuana for statutory purposes.

The argument fails because both the indictment to which Salinas unconditionally pleaded guilty and the factual basis for his plea stipulated that the offense involved more than 1,000 kilograms, specifically 1,050 kilograms, of marijuana. Salinas has never attempted to withdraw his guilty plea, and his valid plea forecloses his challenge to the amount of drugs attributed to him for sentencing purposes.

Salinas next argues that he was entitled to a sentence below the mandatory minimum under the "safety-valve" provision of U.S.S.G. § 5C1.2. He urges that the district court erred in finding that he did not truthfully provide all information that he had concerning the offense because the Government did not show that any of the information he provided was false.

The district court's determination that Salinas had not truthfully provided all the pertinent information regarding the offense is a factual determination reviewed for clear error. See United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999); see also United States v. Bringier, 405 F.3d 310, 315 n.3 (5th Cir. 2005). Salinas has not demonstrated error, clear or otherwise, on the district court's part. Although he relies on the fact that the

Government did not show that any of the information he provided was in fact false, Agent Thrash's testimony shows that the information Salinas provided was so general and vague that it could neither be confirmed nor denied.  The testimony indicates that, even if the information Salinas gave was not false, it was incomplete.  It further indicates that Salinas' story was incredible, given the unlikelihood that a drug dealer would entrust such a large quantity of marijuana with such a high street value to a person unknown to or so tenuously connected to him.

Salinas has not demonstrated any error in the district court's judgment.  Accordingly, the judgment is AFFIRMED.